**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

**In re:**

| | | |
|---|---|---|
| **DAVID MATTHEW WETZEL** | ) | **Case No.   17-23732-GLT** |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |
| | ) | **Document No. ____** |
| | ) | |
| | ) | **Related to Doc. Nos. 176 & 177** |
| | ) | |
| | ) | **Hearing Date & Time:** |
| | ) | **September 8, 2023 @ 11:00 AM** |

| | | |
|---|---|---|
| **PENNY LYNN WETZEL** | ) | **Case No. 22-22408-GLT** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Documents No. ____** |
| **v.** | ) | |
| | ) | **Related to Doc. Nos. 33 & 34** |
| | ) | **Hearing Date & Time:** |
| | ) | **September 8, 2023 @ 11:00 AM** |

**RESPONSE TO FILED LETTER BY DEBTORS DATED AUGUST 8, 2023**

AND NOW, comes Jeffrey J. Sikirica, Esquire, and files this "Response to Letter Dated

August 8, 2023", stating in support thereof as follows:

**Case History Relevant to the Letter**

1. On September 17, 2017, the Debtors filed a voluntary petition for relief under

Chapter 13 due to an upcoming real estate tax sale of their personal residence and a wage

attachment of Mr. Wetzel's pay check by the Internal Revenue Service.

2. After the filing of the Chapter 13 the Debtors were made aware that Mr. Wetzel's

employer had allowed medical insurance for its employees to lapse, while still deducting

premiums from the employee's paychecks, resulting in significant unpaid medical bills for Mrs.

Wetzel from injuries from a fall.

3.   Mr. Wetzel was later laid off from his employment.

4.   A feasible plan could not be proposed and the case was converted to a Chapter 7 on

May 8, 2018.

5.   Special Counsel was retained by the Chapter 7 Trustee in regards to the medical

insurance coverage lapse and a settlement of a complaint filed at adversary no. 20-02135-GLT in

the amount of $80,000.00 on July 7, 2022 was approved by this Court.

6.   As the injuries to Mrs. Wetzel were related to an item purchased at Pier 1 Imports,

Inc., and after a consultation with a personal injury firm by the Debtors, the Chapter 7 Trustee

filed a motion to retain Special Counsel and its firm on January 26, 2019 to pursue a product

liability claim against Pier 1 Imports.

7.   The Pier 1 Imports entities filed for Bankruptcy Protection under Chapter 11 on

February 17, 2020 in the United States Bankruptcy Court for the Eastern District of Virginia.

8.   In consultation with the Special Counsel and the Trustee, a proof of claim in the

amount of $750,000.00 was filed by the Chapter 7 Trustee in the Pier 1 Imports (U.S.), Inc. and

the Pier 1 Imports, Inc. cases.

9.   On May 19, 2020 Pier 1 Imports announced it was closing all its stores due to the

Covid-19 pandemic which meant there would be no confirmable Plan to pay unsecured creditors

leaving only the remaining liability insurance in effect to be pursued by Special Counsel.

10.   A settlement of the product liability claim was eventually approved by this Court in the amount of $380,000.00 on October 26, 2022.

11.   From the settlement proceeds, the Debtors were paid their allowed exemptions by the Chapter 7 Trustee in the amount of $43,465.00 on November 4, 2022.

12.   On December 5, 2022 a motion was approved to divide the cases of the Debtor with David Wetzel remaining in case no. 17-23732-GLT and Penny Wetzel being assigned a new case no. 22-22408-GLT.

13. On April 21, 2023 an omnibus objection to claims in case no. 22-22408-GLT was filed to all claims against remaining against Penny Wetzel with the exception of the Internal Revenue Service and Ally Financial.   All objections were granted.

14. An order was granted on May 12, 2023 in case no. 22-22408-GLT allowing a pre-payment of the Debtor's surplus in the amount of $100,000.00 to Penny Wetzel.

15. On July 13, 2023, the Trustee forwarded her Final Report to the Office of the United States for review in case no. 17-23732_GLT of David Wetzel.

**Response to Resignation Comment**

16. After receiving text messages and emails from the Debtors in June and the most recent, July 9, 2023, expressing dissatisfaction with my services and decisions, I requested that it would be best for the Debtors to find new counsel as it appeared we had irreconcilable differences.

17. On July 10, 2023 I received an email from Ms. Penny Wetzel indicating I was done as their counsel.

18. Upon not hearing from new counsel, I emailed Ms. Penny Wetzel on July 19, 2023

indicating that I would need to file a motion with the Bankruptcy Court to withdraw if new

counsel could not be found but I would proceed with the Ally claim objection to move her case

forward.

### Ally Financial Matter

19.    Ally Financial c/o AIS Portfolio Services, LLC filed an amended claim #2 in case

22-22408-GLT on April 13, 2023 amending their prior claim.

20.    Counsel for the Debtors requested additional documentation on three different

occasions to determine if there was a valid objection to be made to the claim.

21.    Based on the last set of documents provided by AIS Portfolio Services, LLC it

appears an objection to the claim could be made.

22.    I drafted an objection to the claim of Ally Financial and indicated in my July 19,

2023 email to Ms. Penny Wetzel that I would file the objection to which no response was given.

### PA Tax Matter

23.    In my July 10, 2023 email I indicated that I spoke with Atty. Carol E. Momjian in

Harrisburg, the last attorney of record for the PA Depart of Revenue in David Wetzel's case and

with Atty. Allison Carr local Revenue counsel for more time to respond to the levy notice.

24.    I also in the same email indicated that I could not speak with an agent in the

Revenue Collection office without Mr. Wetzel being present on the call.   In addition, the power

of attorney faxed to me cut off Mr. Wetzel's signature and had to be resent to me. No response

was received.

### Half Discharge Comment

25.    Upon receipt of the notice of levy by the Department of Revenue, I explained that a

portion of the taxes which were unsecured, were discharged in Mr. Wetzel's bankruptcy and that

matter needed addressed with the Revenue Collection Agent with whom they spoke.

### Settlement of Adversary No. 20-02135-GLT

26.    I did not threaten anyone to not appear at the settlement hearing.   I advised based on the elements in the case and unpaid medical bills filed in the Bankruptcy case that the settlement was reasonable and should be accepted and that I did not have a reason to object without any additional evidence to prove otherwise.

27.    As there were side issues brought up about the Pinkertons and Special Counsel, I advised Debtors not to attend just for these matters as they would not be relevant or productive at the settlement motion hearing.

### Matters Remaining in Case 17-23732-GLT, David M. Wetzel

28.    The Trustee has filed on July 13, 2023 her Final Report to the Office of the United States and she is waiting for its review.

29.    Maureen Svetkovich, IRS Bankruptcy Specialist had indicated that there is no active collection activity and the matter is still with her office.   She is waiting to see what the IRS will be receiving once the Trustee's Final Report comes out of review before discussing any abatement of any of the remaining claims.   Ms. Svetkovich has also indicated that all the IRS claims are civil in nature and there is no criminal matters related to the taxes being alleged against Mr. Wetzel.

### Matters Remaining in Case 22-22408-GLT, Penny Lynn Wetzel

30.    File objection to claim 2-1 of Ally Financial c/o AIS Portfolio Services, LLC based on recent documents received from AIS Portfolio Services, LLC.

31.    After the claim objection is resolved, the Trustee will need to prepare and file her Final Report.

Respectfully submitted,

Dated: <u>08/28/2023</u>

*/s/ Jeffrey J. Sikirica*
Jeffrey J. Sikirica, Esquire
PA. I.D. No. 36745

P.O. Box 13426
Pittsburgh, PA 15243
T: (724) 625-2566
F: (866) 309-5677
JJSPAESQ@gmail.com

**COUNSEL FOR THE DEBTORS**